PER CURIAM.
Raul Roy Vasquez appeals the summary denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Mr. Vasquez alleges that he pleaded guilty to several sexual offenses under a written plea agreement that specified he would be sentenced pursuant to the pre-1994 guidelines. Mr. Vasquez alleges that his attorney was ineffective because he affirmatively advised Mr. Vasquez that if he entered into the plea agreement he would receive gain time and would not be subject to the 85% rule.[1] He further alleges that the Department of Corrections has refused to give him the relevant gain time and has subjected him to the 85% rule. Finally, he claims that he would not have entered this plea had he understood he would not receive the gain time. In its order denying the motion, the trial court recognized that Mr. Vasquez alleged ineffective assistance of counsel and acknowledged that the written plea agreement supported his representations. However, the trial court summarily denied the motion without addressing the effectiveness of counsel, reasoning that the award of gain time is solely a function of the Department of Corrections.
This case is controlled by Hoch v. State, 679 So.2d 847 (Fla. 2d DCA 1996), in which this court ruled that an allegation of detrimental reliance on affirmative misinformation regarding gain time can be a facially sufficient claim of ineffective assistance of counsel. Accordingly, we reverse and remand for further proceedings. On remand, unless the case file and record conclusively demonstrate that Mr. Vasquez is not entitled to relief, an evidentiary hearing shall be conducted. If the trial court again concludes that summary denial is proper, it must attach to its order those portions of the ease file and record which refute his claim.
■ Reversed and remanded.
FRANK, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.

. See § 944.275(4)(b)(3), Fla. Stat. (1997).